UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALDO ADRIAN LOPEZ MALDONADO,<br><br>Petitioner,<br><br>v.<br><br>DAVID WESLING, Field Office Director, U.S. Immigration and Customs Enforcement;<br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility;<br>DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement;<br>MARKWAYNE MULLIN, Secretary for U.S. Department Homeland Security;<br>TODD BLANCHE, Acting U.S. Attorney General,<br><br>Respondents. | CIVIL ACTION NO.<br>1:26-13406-WGY |

YOUNG, D.J. October 29, 2026

**MEMORANDUM AND ORDER**

The Court has reviewed Petitioner Aldo Adrian Lopez Maldonado's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition" or "Pet."), ECF No. 1, the Respondents' Response to Petition ("Response" or "Resp."), ECF No. 8, and Petitioner's Reply to Respondents' Response ("Reply"), ECF No. 9.

On February 22, 2026, Petitioner was arrested following a domestic incident with his wife. See Pet. ¶¶ 24-25. On February 25, 2026, while appearing in Lynn District Court, Immigration and Customs Enforcement ("ICE") agents took Petitioner into custody.

Pet. ¶ 26. On March 18, 2026, Petitioner received a bond hearing. ECF No. 8-1. An Immigration Judge ("IJ") denied bond finding Petitioner posed a danger to the community by clear and convincing evidence. Id. On June 12, 2026, the Petitioner's application for immigration relief was denied and an IJ ordered Petitioner removed from the United States. ECF No. 8-2. On June 24, 2026, the criminal charges were dismissed. Pet. ¶ 28.

On July 25, 2026, the Petitioner filed the instant Petition challenging the sufficiency of the bond hearing. Pet. On July 28, 2026, Petitioner appeared for a custody redetermination hearing at the Chelmsford Immigration Court. ECF No. 8-3. The IJ denied Petitioner's request for a change in custody status holding that Petitioner failed to show his circumstances have materially changed since the prior bond hearing. Id.; see also 8 C.F.R. § 1003.19(e). In his written decision, the IJ stated the following:

> While Respondent has provided evidence that a previously referenced criminal case involving domestic violence allegations has been dismissed subsequent to the last custody hearing, the previous Immigration Judge's determination that the Respondent was a danger to the community by clear and convincing evidence was based upon the underlying facts of the arrest, including contemporaneous statements and observations of responding police officers, and not solely on the arrest itself. Additionally, the Respondent was ordered removed subsequent to the previous bond redetermination and while his appeal is pending, any potential relief is speculative.
> Even if the dismissed criminal arrest were deemed to be a sufficient changed circumstance to warrant a bond redetermination, this Court would find alternatively, that in the totality of circumstances, Respondent is a flight risk by preponderance of the evidence and that no amount of bond would ameliorate that risk.

Id. The IJ found no materially changed circumstances because the previous IJ relied upon the allegations and statements in the underlying police report for her decision, and not simply the charges. Id. The IJ also stated he would find Petitioner a flight risk, regardless, based upon his speculative immigration relief. Id.

Respondents argue that the Petition should be denied because Petition received a sufficient bond hearing on March 18, 2026, and has failed to exhaust his administrative remedies. Resp. at 2-4. Respondents maintain that Petitioner already had an IJ review his custody status, where Petitioner failed to show materially changed circumstances. Id. Respondents argue that the IJ provided a detailed analysis of the new facts and "even if the dismissal of the criminal case warranted a new bond hearing, which it does not," the IJ would find Petitioner a flight risk given the totality of the circumstances. Id. at 4.

In his Reply, Petitioner claims the IJ did not follow the correct legal standard denying bond and the decision was unreasonable and not constitutionally sound. Reply at 4. Petitioner argues finding no materially changed circumstances, and alternatively, that he was a flight risk, was unreasonable under the circumstances and a violation of due process. See generally, Reply. Because the alternative finding was incomplete and insufficient, Petitioner argues the Court should consider it as

part of this Petition along with the original bond hearing. Id. Additionally, Petitioner asserts the failure to consider alternatives to detention requires the Court to order a constitutionally adequate bond hearing. Id. at 7-12.

After a thorough, independent review, the Court concludes that the bond hearing and custody redetermination hearing afforded Petitioner were not constitutionally sufficient. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021) (requiring "the government to either (1) prove by clear and convincing evidence that she poses a danger to the community or (2) prove by a preponderance of the evidence that she poses a flight risk."). Hernandez-Arevalo v. Blanche, Civil Action No. 26-13891-WGY (D. Mass. October 29, 2026), Memorandum and Order, ECF No. 11 (emphasizing the necessity of strict adherence to the exacting standard of "clear and convincing evidence" in making the "dangerousness" finding)[1]. The Court's authority in reviewing the

[1] This is especially important with respect to aliens resident in Massachusetts.
Why?
Because Massachusetts classifies a significant cohort of its [residents] as 'criminal offenders' even though none of them has ever been convicted of any crime. What's more, this group is disproportionately composed of people of color. Elizabeth Tsai Bishop et al., Harvard Law Sch., Crim. Just. Pol'y Program, Racial Disparities in the Massachusetts Criminal System 36 (2020), https://hls.harvard.edu/wp-content/uploads/2022/08/Massachusetts-Racial-Disparity-Report-FINAL.pdf. Significantly, the Massachusetts Criminal Offender Record Information ("CORI") system includes arrest records along with records of conviction.

type of argument raised by Petitioner "is limited." Diaz Ortiz v. Smith, 384 F. Supp. 3d 140, 143 (D. Mass. 2019). A noncitizen must "either point to the language of the immigration judge's" ruling indicating she applied the wrong standard of proof "or demonstrate that 'the evidence itself could not -- as matter of law -- have supported' the immigration judge's decision to deny

---

> So it is that a [resident] whose sole brush with the law is his arrest at a boisterous party which got out of hand, the charges later dropped, will continue to turn up as a "criminal offender" though he is, of course, presumed innocent of the dropped charges and his conduct is otherwise spotless. One need to look no further to recognize the systemic racism which Chief Justice Budd lamented in Commonwealth v. Williams. 481 Mass. 443, 451 n.6 (2019) (Budd, J.).
> ...
> The courts, and society in general, have been aware of the presence of explicit bias for years. Hon. Mark W. Bennett, Unraveling the Gordian Knot of Implicit Bias in Jury Selection: The Problems of Judge Dominated Voir Dire, the Failed Promise of Batson, and Proposed Solutions, 4 Harv. L. & Pol'y Rev. 149, 151 (2010). This assessment is heightened as studies on judicial decision-making have shown that judges rely heavily on their intuition when they decide problems, and often feel compelled to make decisions quickly. Id. at 156-57; L. Song Richardson, Systemic Triage: Implicit Racial Bias in the Criminal Courtroom, 126 Yale L.J. 862, 882 (2017) (reviewing Nicole Van Cleve, Crook County: Racism and Injustice in America's Largest Criminal Court (2016)). There is some evidence that, with sufficient motivation, training, and information, however, judges and lawyers can compensate for the influence of those biases. Bennett, supra, at 157; Teyah S. Giannetta et al., Eliminating Bias in the Courtroom?: A Content Analysis of Judges' Opinions Regarding Implicit Bias Training, 54 U. Mem. L. Rev. 1, 28 (2023) ("[M]ost judges believed judicial education on implicit bias would aid courts in reducing implicit bias in the courtroom.").

Reddicks v. Alves, 759 F. Supp. 3d 198, 215-216 (D. Mass. 2024).

bond." Id. (quoting Hechavarria v. Whitaker, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)).

Given the highly circumscribed nature of judicial review in this context, courts cannot override an immigration judge's bond decision simply because they "might have reached a different result if considering the issue de novo or in the context of a bail review in a criminal case." Massingue v. Streeter, No. 19-cv-30159, 2020 WL 1866255, at *5 (D. Mass. Apr. 14, 2020). Rather, habeas relief is appropriate only if the Immigration Judge's "exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process." Diaz Ortiz, 384 F. Supp. 3d at 144 (quoting Pratt v. Doll, No. 17-cv-01020, 2019 WL 722578, at *4 (M.D. Pa. Feb. 20, 2019)).

Here, Respondents provided Petitioner a bond hearing following his detention relating to his criminal charges. The decision, ECF No. 8-1, provides no detailed analysis and no consideration of alternatives to detention. Despite its insufficiency, however, the Petitioner was afforded a second custody hearing after his criminal charges were dismissed and his applications for relief were denied. The IJ's determination that there were no materially changed circumstances after the criminal charges were dismissed, however, was deficient as matter of law. See ECF No. 8-2. At the very least, Petitioner should have been afforded a new bond hearing to redetermine his custody status.

Petitioner was denied that full hearing which violates due process. In consideration of the full record, the Court rules the appropriate remedy is a new bond hearing.

Accordingly, the Court hereby ALLOWS the Petition, ECF No. 1, insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving by the appropriate standard, Petitioner poses a danger to the community or a flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order. The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order. The Court further ORDERS the Respondents to transfer the Petitioner back to the District of Massachusetts within seven (7) days of this Order. Further, Petitioner's Motion to Expedite, ECF No. 10, is DENIED as MOOT.

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[2]

---

[2] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.